UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TAQUIESE REDMOND                                        PLAINTIFF


VS.                          CIVIL ACTION NO. 3:06CV523TSL-JCS


ASTRAZENECA PHARMACEUTICALS LP,
ASTRAZENECA LP, ZENECA, INC.,
JOHNSON & JOHNSON, JANSSEN, L.P.,
F/K/A JANSSEN PHARMACEUTICA
PRODUCTS, L.P., PSYCHIATRIC SOLUTIONS,
INC., BRENTWOOD BEHAVIORAL HEALTHCARE,
LLC., D/B/A BRENTWOOD BEHAVIORAL
HEALTHCARE OF MISSISSIPPI AND
DOUGLAS BYRD                                            DEFENDANTS


MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of defendants

Psychiatric Solutions, Inc. (PSI) and Brentwood Behavioral

Healthcare of Mississippi (Brentwood), joined by defendant Douglas

Byrd, to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.  Plaintiff Taquiese Redmond has responded to the

motion and the court, having considered the memoranda of

authorities submitted by the parties, concludes that the motion is

well taken and should be granted.

    On August 22, 2006, plaintiff Taquiese Redmond filed her

complaint in this cause in the Circuit Court of Hinds County,

Mississippi seeking damages for personal injuries she alleged she

suffered as a result of taking the prescription drugs Seroquel and

Risperdal.  She sued the drug manufacturers, alleging products

liability claims, and also sued her medical providers that had

prescribed the drugs, PSI, Brentwood and Dr. Byrd, asserting

claims of medical negligence.[1]  Defendants timely removed the case to this court, alleging jurisdiction based on diversity of citizenship, and asserting, more particularly, that the sole nondiverse defendant, Dr. Byrd, had been fraudulently joined.  Not long after removal, a conditional transfer order was entered by the Judicial Panel on Multidistrict Litigation transferring the case to the United States District Court of the Middle District of Florida, where there is pending a consolidated proceeding relating to Seroquel, In re Seroquel Products Liability Litigation, MDL Docket No. MDL Docket No. 1769.  However, in its conditional transfer order, the MDL Panel separated and simultaneously remanded to this court all plaintiff's claims other than the Seroquel claims, i.e., all those relating to Risperdal, including those against Janssen and for medical negligence against Dr. Byrd, PSI and Brentwood based on their having prescribed Risperdal.

---

[1]     Plaintiff alleges that Dr. Byrd, Brentwood and PSI first prescribed her Risperdal (manufactured by defendant Janssen), and a few months later, Seroquel (manufactured by Astrazeneca), and that as a result of taking these drugs, she experienced rapid weight gain and developed hyperlipidemia and diabetes mellitus. She alleges negligence, fraud and strict liability claims against the drug manufacturer defendants, charging that they were negligent in the design, manufacture, testing, marketing, promotion and labeling of these drugs and that they knew that the drugs were not as effective for the purposes represented and posed greater risks than were disclosed.  She alleges malpractice by PSI, Brentwood and Dr. Byrd based on allegations they knew or should have known the risks of taking these drugs, and yet failed to properly convey these risks to her; that they failed to take an adequate history and to order appropriate testing before prescribing the drugs to her; and that after prescribing the drugs, they failed to monitor plaintiff and advise her of the signs and symptoms of diabetes and the necessity of monitoring.

Dr. Byrd, PSI and Brentwood have moved to dismiss plaintiff's claims against them in this case on the basis that plaintiff failed to comply with the pre-suit notice requirement of Mississippi Code Annotated § 15-1-36(15),[2] which states:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action.  No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.  If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. . . .

Plaintiff admits she did not provide sixty days' written notice to Dr. Byrd, Brentwood or PSI prior to filing suit.  She further acknowledges that compliance with § 15-1-36(15) is mandatory for actions brought in Mississippi state courts so that noncompliance with the notice requirement will result in dismissal of the action.  See Arceo v. Tolliver, 2006 WL 3317036 (Miss. 2006) (reversing trial court's order abating rather than dismissing action for failure to give statutory notice, and declaring that failure to give notice warrants dismissal of the action) (citing Pitalo v. GPCH-GP, Inc., 933 So. 2d 927 (Miss. 2006)).  Plaintiff contends, however, that the requirement of giving pre-suit notice to the health care defendants is procedural, rather than

---

[2]     These defendants also have a pending motion to dismiss on this same basis in the Seroquel case now in the Middle District of Florida.

substantive, and therefore is not applicable in a diversity action in federal court, see Erie R.R. v. Thompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938) (holding that federal courts presiding over causes of action created by state law should apply state substantive law but federal procedural law), and further that the statute's notice requirement is not applicable in federal court because it conflicts with Rules 3, 4 and 8 of the Federal Rules of Civil Procedure.  Plaintiff's position is without merit.

In Baber v. Edman, 719 F.2d 122 (5th Cir. 1983), the Fifth Circuit held that the plaintiff in a federal diversity suit was required to comply with a Texas statute which, similar to Mississippi's statute, required that "[a]ny person . . . asserting a health care liability claim . . . give written notice of such claim . . . to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim."  Id. at 123 n.1 (quoting Tex. Rev. Civ. Stat. Ann. art. 4590i § 4.01).  The court stated:

> This procedural requirement must be met before a medical malpractice claim grounded on Texas law can be filed in a federal court exercising diversity jurisdiction.  The Texas legislature's purposes were to encourage the settlement of disputes without litigation and to curb the rising costs of medical malpractice insurance and health care.  The legislature intended the notice statute to bind federal courts in Texas, for it would frustrate the purposes of the statute for diversity plaintiffs to neglect furnishing their potential defendants with notice of their intent to file suit and the attendant opportunity to settle in advance of expensive litigation.  The notice statute is so intertwined with Texas's substantive policy on medical malpractice actions that, to give that policy full

4

> effect, federal courts sitting in diversity must enforce
> its requirements.

<u>Id</u>. at 123.  <u>See also</u> <u>Stanley v. U.S.</u>, 321 F. Supp. 2d 805, 808

(N.D. W.Va. 2004) (finding that West Virginia pre-filing notice

requirement for medical malpractice actions was "substantive" for

<u>Erie</u> purposes).  Further, as defendants point out, the notice

requirement of § 15-1-36(15) has been routinely applied to federal

diversity actions in this state.  <u>See</u>, <u>e.g.</u>, <u>Estate of Brown v.</u>

<u>Mariner Health Care, Inc.</u>, 2006 WL 1579702 (N.D. Miss. May 31,

2006) (denying plaintiff's motion to remand and dismissing

nondiverse defendant for plaintiff's failure to give sixty days'

notice); <u>Arrington ex rel. Arrington v. Mariner Health Care, Inc.</u>,

2005 WL 1529985, *2 (N.D. Miss. 2005) (dismissing defendant health

care provider where plaintiff failed to comply with the sixty day

notice requirement); <u>cf.</u> <u>Hunter v. Smith</u>, 156 Fed. Appx. 697, 698,

2005 WL 3338379, 2 (5th Cir. 2005) (applying tolling provision of

§ 15-1-36(15) where plaintiff gave sixty days' notice fourteen

days before limitations period would otherwise have run).

Plaintiff's related contention that the notice requirement of

§ 15-1-36(15) is inconsistent with Rules 3, 4 and 8 of the Federal

Rules of Civil Procedure (all of which relate to the commencement

of an action and none of which says anything about pre-suit

notice), thus foreclosing application of the requirement in

federal court, is incorrect, as well.  The court in <u>Stanley</u>,

<u>supra</u>, observed that,

> [a]lthough the substantive/procedural line that courts
> are required to draw under <u>Erie</u> is often a complicated

> one, a court's analysis is substantially simplified when
> a state provision, however classified, conflicts with a
> Federal Rule of Civil Procedure.  The Supreme Court has
> drawn a clear line in such situations:  Federal courts
> "are instructed to apply the federal rule" when faced
> with conflicting state laws and rules, regardless of
> whether those laws are formally deemed substantive or
> procedural.

Staley, 321 F. Supp. 2d at 808 (quoting Hanna v. Plummer, 380 U.S.

471, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)).  The court went on to

conclude, however, that because the requirement of pre-suit notice

"imposes special requirements that must be met *before* a suit can

be filed," it did not conflict with any federal procedural rule.

Id.[3]

     Finally, the court rejects plaintiff's suggestion that this

court should stay, or abate, this action, rather than dismiss it

outright, as a state court would be required to do.  In the

court's opinion, the requirement of state law that the action be

dismissed is no less substantive than the requirement that the

notice be given.

     Accordingly, it is ordered that the motion of defendants PSI,

Brentwood and Dr. Byrd to dismiss is granted.

     SO ORDERED this 20th day of March, 2007.


                              /s/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE

---

     [3]     The court contrasted this with the requirement in a
number of states' medical malpractice statutes that expert reports
be supplied at specified times during litigation.  Stanley, 321 F.
Supp. 2d at 808 (distinguishing Poindexter v. Bonsukan, 145 F.
Supp. 2d 800 (E.D. Tex. 2001), which held that Texas provision
requiring expert report be filed within 180 days of filing of
complaint conflicted with Federal Rule of Civil Procedure 26,
relating to expert disclosures in federal court).